IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION<br>&<br>UNISYS CORPORATION,<br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER: 1:06CV01438 (RJL) |

## PLAINTIFFS' OPPOSITION TO THE UNITED STATES' MOTION FOR ENLARGEMENT OF TIME

Plaintiffs Lockheed Martin Corporation and Unisys Corporation hereby respond to the United States of America's Motion for Enlargement of Time. The United States' request for additional delay is unwarranted, and Plaintiffs respectfully request that the Court deny the Motion.

**I.    THE UNITED STATES HAS HAD ADEQUATE TIME TO RESPOND TO THE COMPLAINT**

Plaintiffs filed their Complaint for Recovery of Response Costs and Declaratory Relief on August 15, 2006. Under Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure, the United States had 60 days to respond to the complaint. On October 12, 2006, by motion to the Court, the United States sought an extension of 14 days in which to file its response, to which Plaintiffs consented. The Court granted the unopposed request the next day.

The United States now moves the Court for yet another extension of time in which to respond. The decision of the Solicitor General to file a petition in another case should be of no import to this matter. By operation of the Federal Rules, the United States has already been granted a more lenient timetable in which to respond to Plaintiffs' complaint. Here, the United

States chose to squander the entire 60 days and wait until the last possible moment to respond. It should not be allowed to seek more time now and create even further delay because of the vagrancies of its own internal review process – the Federal Rules have already been adjusted to take those difficulties into consideration.

## II.     DEFENDANT HAS HAD ADEQUATE TIME TO PREPARE FOR ITS MOTION TO DISMISS

That it is faced with answering Plaintiffs' complaint in this matter could not have come as a surprise to the United States. The parties here began a series of tolling agreements applicable to the CERCLA causes of action at the Great Neck site in 1998. Plaintiffs and the United States have been in discussions and negotiations regarding this matter for several years. After numerous delays, the parties were unable to reach a settlement. Plaintiffs informed the United States on November 22, 2005, that they were preparing to file suit in this Court, and did so after it became clear that settlement was unobtainable. In short, the United States had sufficient warning of the subject of this dispute, and Plaintiffs' legal claims in it.

The United States has also had ample time to prepare its legal position on the issue underpinning this case. It has long known about "question of statutory interpretation" (Motion at 1) presented here, and it has certainly been on notice of it since the Supreme Court's 2004 decision in *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157 (2004). It is precisely because of "the importance of this issue" (Motion at 1) that the United States should be adequately prepared to respond to Plaintiffs' complaint within the timeframe currently set by this Court.

The other decision at issue, *Atlantic Research Corp. v. United States*, 459 F.3d 827 (8th Cir. 2006), was decided on August 11, 2006, a full 77 days prior to the United States' latest request for an extension. Based upon the result in *Atlantic Research*, the Solicitor General's

decision to file a petition for certiorari a mere 16 days before it was due to the Supreme Court should not have caught the United States unprepared.

**III.   CONCLUSION**

The United States has already been granted one extension, and offers inadequate support for yet another delay. The United States has had 74 days to respond to Plaintiffs' complaint. After long delays endured in hopes of settling this matter without recourse to litigation, Plaintiffs wish to conclude this matter as expeditiously as possible, as they continue to incur response costs while their complaint remains unanswered. The factual and legal issues in this dispute are well-developed, and further delay on the part of the United States in answering the complaint is needless. Accordingly, for the foregoing reasons, United States' Motion should be denied and the Court should order the United States to answer the complaint forthwith.

Dated:  October 27, 2006                    Respectfully submitted,


/s/ MICHAEL K. MURPHY
Peter E. Seley, D.C. Bar Number 440936
Michael K. Murphy, D.C. Bar Number 468907
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
mmurphy@gibsondunn.com

*Counsel for Plaintiffs Lockheed Martin Corporation and Unisys Corporation*