IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION )<br>& )<br>UNISYS CORPORATION )<br>                      Plaintiffs, )<br>                                )<br>          v. )<br>                                )<br>UNITED STATES OF AMERICA, )<br>                      Defendant. ) | Case No. 06-01438 (RJL) |

## MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiffs Lockheed Martin Corporation and Unisys Corporation hereby respectfully request leave to file a Surreply to the United States' Reply Memorandum in Support of its Motion to Dismiss. Plaintiffs' proposed Surreply is attached hereto as Exhibit A.

In its Motion to Dismiss, the government alleged that Lockheed Martin was a PRP because it is the current owner of the Great Neck facility. *See* United States' Motion to Dismiss at 8 ("As the current owner of the Facility, Compl. ¶¶ 2-3, Lockheed is a PRP under section 107(a)(1)."). In response to the revelation that Lockheed Martin is not the current owner, the United States asserted in its Reply that a litigant must allege that it does *not* qualify as a potentially responsible party ("PRP") in order to state a cause of action under section 107(a)(4)(B) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a)(4)(B). The United States also claimed in its Reply that a person may be a PRP under CERCLA even if they do not currently meet the four-part statutory definition enumerated at Section 107(a)(1-4), relying primarily upon *Elementis Chems, Inc. v. T H Agric. and Nutrition, L.L.C.*, 373 F. Supp. 2d 257, 268-69 (S.D.N.Y. 2005).

Because both of these arguments were introduced by the United States in its Reply for the first time to respond directly to the fact that Lockheed Martin is not a current owner, plaintiffs should be afforded an opportunity to answer the newly raised issues. *See Stanford v. Potomac Electric Power Co.,* 394 F. Supp. 2d 81, 86-87 (D.D.C. 2005) (holding that "the [party moving for a surreply] must show that the reply filed by the moving party raised new arguments that were not included in the original motion"). For the reasons set forth above and in the attached Surreply, Plaintiffs respectfully request that the Court permit them to file their Surreply to the United States' Reply Memorandum in Support of its Motion to Dismiss.

Respectfully submitted,

Date: December 22, 2006        By:    /s/ Peter E. Seley
                                                           Peter E. Seley, D.C. Bar Number 440936
                                                           Michael K. Murphy, D.C. Bar Number 468907
                                                           GIBSON, DUNN & CRUTCHER LLP
                                                           1050 Connecticut Avenue, NW
                                                           Washington, DC  20036
                                                           Telephone:        (202) 955-8500
                                                           Facsimile:         (202) 530-9594
                                                           Email:                pseley@gibsondunn.com

*Attorneys for Plaintiffs Lockheed Martin Corporation and Unisys Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION ) | | |
| & ) | | |
| UNISYS CORPORATION ) | | |
| Plaintiffs, ) | Case No. 06-01438 (RJL) | |
| ) | | |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Defendant. ) | | |

**[PROPOSED] ORDER**

Having reviewed Plaintiffs' Motion for Leave to File Surreply to United States' Reply Memorandum in Support of Motion to Dismiss, the Court hereby GRANTS Plaintiffs' Motion, and will consider the Surreply attached thereto.

DATED this _____ day of _____, 200__.

_____
Honorable Richard J. Leon
United States District Court Judge