IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION ) | | |
| & ) | | |
| UNISYS CORPORATION ) | | |
| Plaintiffs, ) | Case No.  06-01438 (RJL) | |
| ) | | |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Defendant. ) | | |

**PLAINTIFFS' SURREPLY TO THE UNITED STATES' REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

On December 14, 2006, the United States filed its Reply Memorandum in Support of its Motion to Dismiss ("Reply").  In new arguments raised in the United States' Reply, the government makes inaccurate statements of law and has relied heavily on case law that is no longer valid, to which Plaintiffs respectfully feel they must respond.

**I.   LOCKHEED MARTIN'S STATUS AS A POTENTIALLY RESPONSIBLE PERSON IS NOT A NECESSARY ELEMENT FOR A SECTION 107(A) CAUSE OF ACTION**

The United States contends in its Reply that Plaintiffs are required to plead that they are *not* potentially responsible persons ("PRP") in order to state a claim under Section 107(a)(4)(B) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a)(4)(B).  *See* Reply at 4 ("[B]efore Lockheed [Martin] can state a claim for relief based on the contention that it is outside all four categories, the Complaint must allege that the factual prerequisites for each category are not present.").  As support, the United States relies only on the assertion that "federal courts have long recognized that parties not within the categories identified by section 107(a)(1)-(4), that have incurred costs can seek recovery pursuant to section 107(a)." *Id*. at 3 (*citing New Castle County v. Halliburton NUS, Corp.*, 111

F.3d 116, 1120 (3d Cir. 1997)). The United States simply misstates the law. Under the precedent in this district, CERCLA section 107(a)(4)(B) actions are available to any party incurring response costs. *Viacom v. United States*, 404 F. Supp. 2d 3, 7 (D.D.C. 2005) ("Thus, a plain reading of § 107 shows that anyone -- whether a PRP or not – may sue thereunder to recover its response costs."). There is no need in this district for a CERCLA plaintiff to allege non-liability in order to support the elements of a section 107(a)(4)(B) claim. The government's unsupported assumption that this Court will break with existing precedent in this district, *and* that Plaintiffs are required to anticipate that break with district precedent when drafting their Complaint, is absurd.

There are four commonly held requirements for a person to establish a section a 107(a)(4)(B) cause of action: "(1) the property is a 'facility'; (2) there has been a 'release' or 'threatened release' of a hazardous substance; (3) the release has caused the plaintiff to incur 'necessary costs of response' that are 'consistent' with the [National Contingency Plan]; and, (4) the defendant is in one of four categories of potentially responsible parties." *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697, 703 (6th Cir. 2006). *See also Carson Harbor Vill., Ltd. v. County of L.A.*, 433 F.3d 1260, 1265 (9th Cir. 2005) (same). Plaintiffs' complaint contains each element necessary, and therefore establishes a *prima facie* cause of action for cost recovery. Federal Rule of Civil Procedure 8(a) does not require anything more. Fed. R. Civ. P. 8(a); *Lovick v. Ritemoney Ltd*. 378 F.3d 433, 438 (5th Cir. 2004) ("Rule 8(a) does not require pleading specific facts in support of each element of plaintiff's *prima facie* case; instead, plaintiff must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'."); *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998)("Complaints need not plead law or match facts to every element of a legal theory.").

Indeed, to require Plaintiffs to establish, at this initial stage of litigation, that they are or are not PRPs puts the proverbial "cart before the horse" as the question involves questions of fact and law central to the CERCLA liability scheme. *See, e.g., Consolidated Edison Co. of N.Y., Inc. v. UGI Utilities, Inc.*, 423 F.3d 90 (2d Cir. 2005), *pet. for cert. filed*, No. 05-1323 (Apr. 14, 2006) ("This opinion generally eschews the terms "potentially responsible person" and "PRP" . . . The terms strike us as vague and imprecise because, when no action has been filed nor fact-finding conducted, any person is conceivably a responsible party under CERCLA. Moreover, we believe the term may be read to confer on a party that has not been held liable a legal status that it should not bear.").

## II.    THE *ELEMENTIS* DECISION DOES NOT ESTABLISH THAT LOCKHEED MARTIN IS A PRP

The United States also argues that Lockheed Martin can be a PRP even though it does not now fit within any of the four enumerated classes of "covered persons" in Section 107(a)(1-4) because its status as a PRP is fixed and determined at the time cleanup costs are incurred. *See* Reply at 5. This argument is grounded on the case of *Elementis Chems, Inc. v. T H Agric. and Nutrition, L.L.C.*, 373 F. Supp. 2d 257, 268-69 (S.D.N.Y. 2005), a case which has been overruled by the Second Circuit.

The court in *Elementis* interpreted section 107(a) to prohibit any owner of a facility at the time a CERCLA cause of action accrues from filing a claim under that section. That holding was expressly overruled in *Consolidated Edison Company of New York, Inc. v. UGI Utilities, Inc.*, 423 F.3d 90 (2d Cir. 2005) ("Unlike some other courts, we find no basis for reading into this language a distinction between so-called "innocent" parties and parties that, if sued, would be held liable under section 107(a). . . . Section 107(a) makes its cost recovery remedy available, in quite simple language, to any person that has incurred necessary costs of response, and nowhere

3

does the plain language of section 107(a) require that the party seeking necessary costs of response be innocent of wrongdoing.").[1] *See also Raytheon Aircraft Co. v. United States*, 435 F. Supp. 2d 1136, 1147 n. 8 (D. Kan. 2006) (recognizing that *Elementis* is "no longer persuasive on the issue as the Second Circuit's decision in *Con Ed* supersedes those cases. In fact, the only district court within the Second Circuit to have addressed the issue since *Con Ed* held that a PRP who was foreclosed from bringing suit under section 113(f) could nonetheless pursue a contribution claim under section 107(a)").

In addition to being overturned, the subsidiary holding of *Elementis* cited by the government, that the "current owner" for the purposes of section 107(a)(1) of CERCLA is not the owner at the time the Complaint is filed, but rather is the owner at the time a cause of action for recovery of response costs accrues, cannot survive scrutiny. Other courts have reached the exact opposite conclusion. *United States v. Fleet Factors Corp.*, 901 F.2d 1550, 1554 (11th Cir. 1990) ("In order to effectuate the goals of the statute, we will construe the present owner and operator of a facility as that individual or entity owning or operating the facility at the time the plaintiff initiated the lawsuit by filing a complaint.") *unrelated portions superseded by statute Monarch Tile, Inc. v. City of Florence*, 212 F.3d 1219, n.2 (11th Cir. 2000); *United States v. JG-24, Inc.*, 331 F. Supp. 2d 14 (D.P.R. 2004) ("Within the meaning of Section 107(a)(1) of CERCLA, the current owner means the owner at the time of filing of the complaint.").

---

[1] Even under the rule proposed by the United States and in *Elementis*, it is not clear whether Lockheed Martin – as a former owner of the facility – is prohibited from asserting a section 107(a) cause of action only for those costs it spent while it owned the facility, or whether it is forever foreclosed from recovering response costs that it is still incurring today. 373 F. Supp. 2d at 268 (holding a "party's status as an 'owner and operator' under CERCLA § 107(a) is determined at the time of the cleanup for which cost recovery is sought").

And the *Elementis* court's addition of a new class of PRPs – prior owners that have incurred response costs – to Congress's list of liable parties, finds no support in the statutory language.  Indeed, the government's (and the *Elementis* court's) reading of section 107(a)(1) is that, despite CERCLA's unambiguous language imposing liability on the current owner of a facility, the statute does not actually cover current owners.  The government's view is either that a current owner does not become a liable party under CERCLA unless it incurs response costs (and thus a cost recovery claim accrues) or that in addition to the categories of liable parties enumerated in 107(a), the statute also imposes liability on every person in a facility's chain of title that incurred response costs.  Neither of these results is even remotely compatible with the plain language of the statute.  *See The Anspec Co., Inc. v. Johnson Controls, Inc.*, 734 F.Supp. 793 (E.D. Mich. 1989) ("While changes to the categories of potentially liable parties may be necessary, Congress must be the body to make such changes.  Only Congress has the resources to adequately investigate and determine whether or not liability under CERCLA should be imposed on additional parties. Until such time, the courts should not deviate from the four existing categories of potentially liable parties which Congress clearly mandated under CERCLA.") *rev'd on other grounds Anspec Co., Inc. v. Johnson Controls, Inc*., 922 F.2d 1240 (6th Cir. 1991).

      The text of Section 107(a) is uncomplicated.  It first catalogs a list of parties who "shall be liable" for cleanup costs, 42 U.S.C. § 9607(a)(1)-(4), and then identifies the two classes of people to whom they are liable.  42 U.S.C. § 9607(a)(4)(A)-(B) (government entities and "any other person").  But the United States and *Elementis* would have the Court add an implied additional purpose to § 107(a)(1)-(4):  an enumeration of parties *ineligible* to recover cleanup costs.  The text simply cannot bear that burden.

5

When faced with an "odd" outcome as the result of its reading, 373 F. Supp. 2d at 268, instead of recognizing that its fundamental assumption about the nature of section 107(a) was flawed, the *Elementis* court simply expanded the plain language of section 107(a)(1) ("the owner and operator of a vessel or a facility") to also encompass all owners of a facility "at the time a claim accrues." The two readings are simply incompatible. The statute, as strained by the *Elementis* court, encompasses a much larger group of responsible parties than was intended by Congress, current owners *plus* any party which may have once owned the facility and incurred costs. The *Elementis* court cited no support for its reading, but rather created it solely in response to the types of problems that arise when the list of responsible parties enumerated in Section 107(a)(1)-(4) is improperly applied as a litmus test for who can bring § 107(a) cost recovery actions.

### III.  CONCLUSION

Accordingly, and for the reasons expressed in their Opposition, Lockheed Martin and Unisys respectfully request that this Court deny the United States' motion to dismiss.

Dated:  December 22, 2006                            Respectfully submitted,


                                    /s/ Peter E. Seley
                                    Peter E. Seley, D.C. Bar Number 440936
                                    Michael K. Murphy, D.C. Bar Number 468907
                                    Gibson, Dunn & Crutcher, LLP
                                    1050 Connecticut Avenue, N.W.
                                    Washington, D.C.  20036
                                    (202) 955-8500
                                    pseley@gibsondunn.com

                                    *Counsel for Plaintiffs Lockheed Martin Corporation and Unisys Corporation*