## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION | ) | |
| & | ) | |
| UNISYS CORPORATION | ) | |
| Plaintiffs, | ) | Case No.  06-01438 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT REPORT UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)
### AND LOCAL CIVIL RULE 16.3(d)

1. **Rule 26(f)/16.3(a) Conference**:  Counsel for the parties met and conferred telephonically on December 11, 2006, at 11 a.m. EST, regarding the matters set forth in Fed. R. Civ. P. 26(f) and LCvR 16.3(a) and (c).  As required by Fed. R. Civ. P. 26(f) and LCvR 16.3(d), counsel hereby submit this report to the Court.

2. **Proposed Discovery Plan**:  The parties were unable to reach agreement concerning a proposed discovery plan.  Plaintiffs propose proceeding with discovery on the issue of the United States liability as a potentially responsible party, and attach as Exhibit A their proposed Discovery Plan and proposed Scheduling Order.  Plaintiffs contend that Defendant's pending motion does not dispose of Lockheed Martin's cause of action, because the United States cannot prove that Lockheed Martin is a potentially responsible party under CERCLA.  Plaintiffs also maintain that, because several of the disputed issues of fact involve the construction and operation of a facility during World War II, further delay may result in prejudice to plaintiffs, as important witnesses are elderly.

   Defendant proposes postponing discovery until the Court rules on its pending motion to dismiss.  If plaintiffs identify specific witnesses for whom continued good health is an issue, the depositions of those particular individuals can proceed where necessary to perpetuate testimony.

3. **Other Matters Discussed by the Parties**:  As per LCvR 16.3(c), the parties have conferred regarding the following matters.

   (1)  Plaintiffs think the case is unlikely to be disposed of by the pending motion to dismiss, and wish for discovery to proceed.  Defendants think the case will be disposed of by the pending motion, and propose a stay of discovery until the Court's decision on the motion.  Defendant will file a motion requesting a stay no later than January 15, 2007.

   (2)  The parties agree that the case should not be assigned to a magistrate judge.

(3)  The parties agree that, at present, there is not a realistic possibility of settling this case and that they would not benefit from the Court's alternative dispute resolution ("ADR") procedures.  The parties concur that too many factual and legal issues remain in dispute for settlement or ADR to be a viable alternative at present.

(4)  Although there are issues of disputed fact, the parties agree that this case, or components of it, might be resolved by summary judgment.

(5)  Plaintiffs suggest that initial disclosures proceed as required by Fed. R. Civ. P. 26(a)(1).  Defendant proposes postponing the initial disclosures pending resolution of its motion to dismiss.

(6)  Plaintiffs propose that the trial be bifurcated, with the first stage focusing on the issue of Defendant's liability, and the second stage focusing on cost allocation. Defendant believes that bifurcation is not necessary.

(7)  The parties did not concur on a date for the pretrial conference.  Plaintiffs suggest November 30, 2007.  Defendant believes that a date should not be addressed until the motion to dismiss has been decided.  In the alternative, the Court should allow approximately two years for the completion of  pretrial proceedings.

(8)  The parties did not concur on a firm date for trial.  Plaintiffs suggest January 4, 2008.  Defendant believes that a date should not be addressed until the motion to dismiss has been decided.  In the alternative, the Court should allow approximately two years for the completion of pretrial proceedings.

4.  **Other Rule 26(f) Issues:**  The parties discussed, and in general disagreed concerning, the nature and basis of Plaintiffs' claims and Defendant's defenses.  The parties discussed the steps taken to preserve potentially discoverable information, and the issue of electronically stored information.

5.  **Scheduling Conference:**  Due to the dispute between the parties on the commencement of discovery, plaintiffs request the Court hold a Scheduling Conference at its first available date to hear from the parties and enter an appropriate scheduling order resolving this issue.  Defendant believes that the hearing should not be scheduled until the motion to dismiss has been decided.  In the alternative, the Court should allow approximately two years for the completion of  pretrial proceedings.

Date: December 26, 2006

Submitted by:                                        Submitted by:

  /s/ MICHAEL K. MURPHY                        /s/ EILEEN T. MCDONOUGH
Peter E. Seley                                       Eileen T. McDonough
Michael K. Murphy                                  Environmental Defense Section
Gibson, Dunn & Crutcher LLP                        United States Department of Justice
1050 Connecticut Ave., N.W.                        P.O. Box 23986
Washington, DC 20036                              Washington, DC 20036-3986
Telephone: (202) 955-8500                          Telephone: (202) 514-3126
pseley@gibsondunn.com                             eileen.mcdonough@usdoj.gov
Counsel for Plaintiffs                              Counsel for Defendant