IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 06-01438-RJL |

**THE UNITED STATES' MEMORANDUM
IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Plaintiffs Lockheed Martin Corporation and Unisys Corporation filed this action pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), to recover all or part of response costs incurred by Lockheed in remediating contamination at a facility in Great Neck, New York ("Great Neck Site"). Plaintiffs also request a declaratory judgment pursuant to CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, establishing that the United States is liable for response costs to be incurred at the Site in the future.

On November 6, 2006, the United States moved to dismiss the CERCLA claims pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted and to dismiss the Declaratory Judgment Act claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. The United States requests that the Court stay all other proceedings in this matter, including initial disclosures and discovery, pending resolution of the motion to dismiss. The stay requested by the United States will further the goals of economy and efficiency for both the Court and the parties by avoiding expenditures of time and resources that

may prove unnecessary.  Plaintiffs oppose this motion.

### ARGUMENT

The Court's authority to enter the requested stay of initial disclosures and discovery pending resolution of a dispositive motion is beyond question.  Federal Rule of Civil Procedure 26(a)(1), which calls for the initial disclosures, allows a party to object on the ground that initial disclosures "are not appropriate in the circumstances of the action."[1]  "In ruling on the objection, the court must determine what disclosures -- if any -- are to be made and set the time for disclosure."  Thus, Rule 26(a)(1) plainly affords the Court the discretion to decide the timing and content of the initial disclosures in a particular case.

The request for a stay of discovery is also plainly within the Court's broad discretionary authority to manage the conduct of discovery.  United Presbyterian Church v. Reagan, 738 F.2d 1375, 1382 (D.C. Cir. 1984) ("Trial courts enjoy wide discretion in handling pretrial discovery matters."); Chavous v. District of Columbia Fin. Responsibility and Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (same). Consistent with this broad discretion, this Court and other federal courts have repeatedly adhered to the well-settled principle that "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."  Chavous, 201 F.R.D. at 2 (citation omitted); see Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Staying initial disclosures and discovery pending resolution of the motion to dismiss will

---

[1] Rule 26(a)(1) requires that the party must raise the objection during the Rule 26(f) conference and state the objection in the discovery plan.  The United States has completed these steps.  See Joint Report ¶ 3(5) (Dec. 26, 2006).

promote the ends of justice and efficiency, and be entirely consistent with the relief routinely granted by this Court and others.[2] If the Court denies the United States' motion, a schedule for initial disclosures and discovery can be readily established. Until that determination is made, however, initial disclosure and discovery would "waste[] the time and effort of all concerned." Chavous, 201 F.R.D. at 2 (citation omitted).

The requested stay will not prejudice Plaintiffs because discovery is not necessary to resolve the purely legal issues presented by the United States' dispositive motion. See Chavous, 201 F.R.D. at 3-5. Plaintiffs cannot reasonably claim prejudice at this early stage of the litigation, where no discovery schedule has been set by the Court and the United States seeks only a short stay of discovery until the Court rules on its pending dispositive motion.[3] Cf. Maljack Prod., Inc. v. Motion Picture Ass'n of America, No. Civ. A. 90-1121, 1990 WL 157900 (D.D.C. Oct. 3, 1990) (motion for stay granted where no discovery deadline had been set, there was no allegation of prejudice to plaintiff, and the stay was requested for only a short period of time).

---

[2] See White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990) (district court did not abuse its discretion when it stayed discovery pending resolution of motion for summary judgment); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."); Havoco of Am. Ltd. v. Shell Oil Co., 626 F.2d 549, 553 (7th Cir. 1980) (noting that it would be an "abdication of . . . judicial responsibility" to require costly discovery and trial work where complaint fails to state a claim upon which relief can be granted).

[3] The complaint in this matter was filed on August 15, 2006. Beginning on November 10, 1998, Plaintiffs entered a series of tolling agreements with the United States regarding the claims at issue in this matter, Complaint ¶ 33, as well as CERCLA claims related to other facilities. In November 2006, the United States and Plaintiffs signed a tolling agreement that applied only to the claims for facilities outside the scope of the complaint.

The potential for any prejudice to Plaintiffs is also minimized by the fact that, in the near future, the Supreme Court may resolve the question of statutory interpretation that is at issue in the United States' motion to dismiss: whether section 107(a) of CERCLA authorizes claims by one potentially responsible party against another. This same question is presented in three pending petitions for certiorari. DuPont De Nemours and Co. v. United States, 460 F.3d 515 (3d Cir. 2006), petition for cert. filed, 75 U.S.L.W. 3296 (Nov 21, 2006) (No. 06-726); Atlantic Research Corp. v. United States, 459 F.3d 827 (8th Cir. 2006) ("ARC"), petition for cert. filed, 75 U.S.L.W. 3236 (Oct 24, 2006) (No. 06-562); Consolidated Edison Co. v. UGI Utils., Inc., 423 F.3d 90 (2d Cir. 2005), petition for cert. filed, 74 U.S.L.W. 3600 (April 14, 2006) (No. 05-1323). The docket sheets available through the Supreme Court's internet site indicate that all three petitions have been fully briefed and have been distributed for a conference scheduled for January 19, 2007. If the Court accepts one of these petitions, the final decision will effectively resolve most of the motion to dismiss. The potential for a dispositive Supreme Court ruling also emphasizes the inefficiency of proceeding with litigation at this time.[4]

**CONCLUSION**

---

[4] A decision on this statutory question could dispose entirely of the claim by Plaintiff Unisys Corporation and the main claim asserted by Plaintiff Lockheed Martin Corporation. In opposing the United States' motion to dismiss, Lockheed also raised the argument that it is an "innocent party," rather than a potentially responsible party ("PRP"), and so is entitled to proceed under CERCLA section 107(a) regardless of whether of the statute is construed to allow claims by PRPs. The United States rebutted this claim in its reply brief in support of the motion to dismiss. If the Supreme Court or this Court conclude that section 107(a) allows cost recovery actions by potentially responsible parties, this Court will not have to decide whether Lockheed can be classified as an innocent party. Accordingly, it is more efficient for the Court and the parties to address this claim after the motion to dismiss has been resolved.

For these reasons, the Court should stay proceedings in this matter, including initial disclosures and discovery, pending resolution of the United States' motion to dismiss.

    Respectfully submitted,

    SUE ELLEN WOOLDRIDGE
    ASSISTANT ATTORNEY GENERAL

    /s/ EILEEN T. MCDONOUGH
    Environmental Defense Section
    United States Department of Justice
    Post Office Box 23986
    Washington, D.C. 20026-3986
    telephone: (202) 514-3126
    telefax: (202) 514-8865
    eileen.mcdonough@usdoj.gov

January 9, 2007