IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION ) | | |
|         & ) | | |
| UNISYS CORPORATION, ) | | |
|         Plaintiffs, ) | CASE NUMBER: 1:06CV01438 (RJL) | |
| ) | | |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
|         Defendant. ) | | |

**PLAINTIFFS' RESPONSE TO THE UNITED STATES'
MOTION TO STAY PROCEEDINGS**

Plaintiffs Lockheed Martin Corporation and Unisys Corporation hereby respond to the United States of America's Motion to Stay Proceedings. The United States seeks a blanket stay of "all . . . proceedings in this matter, including initial disclosures and discovery, pending resolution of the motion to dismiss." United States' Memorandum in Support of Motion to Stay Proceedings ("Motion") at 1. Because the United States fails to meet the burden necessary to justify a stay of proceedings, and is unlikely to prevail on its underlying motion to dismiss, Plaintiffs respectfully request that the Court deny the United States' Motion.

**I.   THE UNITED STATES DOES NOT, AND CANNOT, JUSTIFY THE NEED FOR A STAY**

As the party seeking a stay of discovery, the United States bears the "burden of justification." *People with AIDS Health Group v. Burroughs Wellcome Co.,* No. CIV. 91-0574, 1991 WL 221179 at *1 (D.D.C. Oct. 11, 1991). This burden is "heavy," because the movant "must show a particular and specific need [for a stay, not just] stereotyped or conclusory statements." *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Wright & Miller, *Federal Practice and Procedure* § 2035). A "'bald assertion' by a defendant that its

motion to dismiss will be granted, or that discovery would be burdensome, is generally insufficient to justify the entry of an order staying discovery." *Chavous v. District of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 n.4 (D.D.C. 2001) (citing *People with AIDS Health Group*, 1991 WL 221179 at *1).

The United States here fails to establish any adequate grounds necessitating a stay. Instead, it proffers only "bald assertions" that a litigation freeze will somehow "further the goals of economy and efficiency" and "promote the ends of justice and efficiency." Motion at 1, 3. In support of these generalized notions, the United States submits not a single specific example of how suspending all proceedings will protect it from any harm. The mere fact that the United States might be required to engage in normal litigation efforts while its motion to dismiss is pending is not sufficient, by itself, to warrant a stay. *See Twin City Fire Ins. Co. v. Employers Ins. of Wassau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[T]hat discovery may involve some inconvenience and expense does not suffice to establish good cause" for a stay). In sum, the United States' motion "fail[s] to demonstrate beyond mere allegations that resources will be conserved by granting the stay." *People with AIDS Health Group*, 1991 WL 22179 at *1.

That the United States fails to provide a single concrete reason for the stay is telling. *See Maljack Prods., Inc. v. Motion Picture Assoc. of Am.*, No. CIV.A.90-1121, 1990 WL 157900 at *1 (D.D.C. Oct. 3, 1990) (finding it "significant" that the plaintiff had "not even alleged that it [would] be prejudiced by deferring discovery" until resolution of the motion to dismiss). Indeed, the United States simply cannot point to any significant discovery issue that warrants this Court's protection. *See, e.g., Chavous*, 201 F.R.D. at 3 n.4 (approving a stay because "significant privilege issues presented by the plaintiffs' discovery requests warrant the conclusion that permitting discovery before the need for such discovery is determined would be wasteful and

2

inefficient"). The parties have already engaged in lengthy negotiations over the United States' liability for response costs at the Great Neck facility, and have exchanged detailed answers to information requests. Plaintiffs have also produced hundreds of boxes of documents to the United States. Because the parties are not starting at square one, discovery will not be laden with massive document productions or numerous depositions, and Plaintiffs have accordingly proposed a modest, expeditious discovery schedule that reflects this situation. *See* Plaintiffs' Proposed Discovery Plan, submitted on December 26, 2006 (Docket No. 18).

## II. A STAY SHOULD NOT BE GRANTED BECAUSE THE UNITED STATES IS UNLIKELY TO PREVAIL ON ITS MOTION TO DISMISS, AND DELAY PREJUDICES PLAINTIFFS

In ruling on the United States' request for a blanket stay of discovery, the Court "must balance the harm produced by a delay in discovery against the possibility the motion [to dismiss] will be granted and entirely eliminate the need for such discovery." *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988). Unlike the United States, which cannot specify any injury that would befall it should discovery proceed, Plaintiffs face concrete problems that would be exacerbated by a wholesale suspension of this litigation. Plaintiffs continue to incur response costs at the facility, and must engage in strategic business and remediation decisions without any certainty as to whether the former owner of the facility, the United States, will contribute to the cleanup. Moreover, potential important witnesses to the operation of a World War II-era facility are aging, and as the case lingers it may become increasingly difficult for Plaintiffs to litigate this case effectively. For Plaintiffs, the harm produced by delay is real and ongoing.

Conversely, "the possibility the motion [to dismiss] will be granted and entirely eliminate the need for discovery," *Simpson,* 121 F.R.D. at 263, is scant. The United States' motion to dismiss contends that persons who are themselves responsible (potentially responsible persons or

3

"PRPs") under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), cannot file suit under that section to recover response costs from other PRPs. But this position was directly rejected in 2005 by this Court, which analyzed the language, purpose, and history of CERCLA section 107(a) and found that "a plain reading of § 107 shows that anyone – whether a PRP or not – may sue thereunder to recover its response costs." *Viacom v. United States*, 404 F. Supp. 2d 3, 7 (D.D.C. 2005). Under this precedent, Plaintiffs have a valid cause of action under section 107(a). Unless this Court elects to split with Judge Huvelle's well-reasoned *Viacom* decision, the United States' motion to dismiss will fail.[1]

Even if this Court were to find *Viacom* unpersuasive, and rule that PRPs have no section 107(a) cause of action, Plaintiff Lockheed Martin's claims would survive. As explained in Plaintiffs' Response to United States' Motion to Dismiss, Lockheed Martin is not the current owner of the Great Neck facility, and did not own or operate the facility when releases of hazardous substances occurred. Its status as a "PRP" under CERCLA is, therefore, in serious dispute between the parties. Because the motion to dismiss, even if granted, does not dispose of this entire case, a motion to stay discovery and "all other proceedings" is inappropriate. As this Court has previously held, "a stay of discovery pending determination of a motion to dismiss is rarely appropriate when the pending motion will not dispose of the *entire* case." *Chavous,* 201 F.R.D. at 3 (internal quotations and citations omitted) (emphasis added).

---

[1] Last week, the Seventh Circuit confirmed the conclusion reached in *Viacom*, becoming the third federal appeals court to find that the plain language of section 107(a) confirms that "any person," including persons who might themselves be liable under CERCLA, may bring a cause of action for cost recovery against other PRPs. *See Metro. Water Reclamation Dist. of Greater Chicago v. N. Am. Galvanizing & Coatings Inc.*, No. 05-3299 (7th Cir. Jan. 17, 2007), attached hereto as Exhibit A.

### III. SUPREME COURT REVIEW SHOULD NOT DELAY THIS COURT'S CONSIDERATION OF THE UNITED STATES' MOTION TO DISMISS

The United States further encourages the Court to halt all progress in this case because "the Supreme Court *may* resolve the question of statutory interpretation that is at issue in the . . . motion to dismiss." Motion at 4 (emphasis added). On January 19, 2007, the Supreme Court granted the United States' petition for a writ of certiorari in *Atlantic Research Corp. v. United States*, 459 F.3d 827 (8th Cir. 2006), *cert. granted*, No. 06-562 (Jan. 19, 2007). The Supreme Court will review the Eighth Circuit's ruling that Atlantic Research possessed a cause of action against the United States under section 107(a), even though Atlantic Research was also a PRP at its Arkansas solid-rocket production facility.

Despite the fact that the Supreme Court will hear the United States' *Atlantic Research* appeal, the United States is not entitled to a blanket cessation of all action here. To justify a stay of this litigation pending an appeal by other parties in other litigation, the Government faces an even heavier burden: "'[t]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

Again, the United States makes out *no* case of hardship, and its repeated, generalized citations to "economy" and "efficiency" are simply insufficient to justify such a stay. *See id*. at 787. Plaintiffs need not "stand aside" for resolution of other matters that may, or may not, resolve the issue here. To be sure, forcing Plaintiffs to endure an extended deferment until the Supreme Court decides other cases in no way "minimizes" prejudice to Lockheed Martin and

Unisys, as suggested by the United States, but instead maximizes it.  Such delay presents more than a "fair possibility" of "work[ing] damage" to Plaintiffs' interests and ability to litigate their claims.  *Id*. at 786.

The very "question of statutory interpretation," Motion at 4, that has been presented to the Supreme Court has been already resolved *in this district* in Plaintiffs' favor.  *See Viacom*, 404 F. Supp. 2d at 7.  And even if the Supreme Court eventually overturns the *Viacom* decision, litigation in this matter would still proceed because Plaintiff Lockheed Martin's claims lie independent of the section 107(a) issue as presented.  The operative complaint does not conclusively prove that Lockheed Martin is a PRP.  Because Lockheed Martin maintains that it is not a PRP, the question of whether PRPs can assert a cause of action under section 107(a), while certainly relevant to portions of this action, is not dispositive of Plaintiffs' entire case.  A stay of all proceedings pending Supreme Court review is therefore unwarranted.  *See Chavous*, 201 F.R.D. at 3; *see also Simpson*, 121 F.R.D. at 263 ("[A] request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the *entire* case.") (emphasis added).

6

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the United States' Motion to Stay Proceedings should be denied.

Dated: January 22, 2007						Respectfully submitted,


/s/ PETER E. SELEY
Peter E. Seley, D.C. Bar Number 440936
Michael K. Murphy, D.C. Bar Number 468907
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
pseley@gibsondunn.com

*Counsel for Plaintiffs Lockheed Martin Corporation and Unisys Corporation*