IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LOCKHEED MARTIN CORPORATION, )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>UNITED STATES OF AMERICA, )<br>   )<br>   Defendant.   )<br>   ) | Case No. 06-01438-RJL |

**THE UNITED STATES' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Plaintiffs Lockheed Martin Corporation and Unisys Corporation filed this action pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), to recover all or part of response costs incurred by Lockheed in remediating contamination at a facility in Great Neck, New York. The United States has requested that the Court stay initial disclosures and discovery in this matter pending a ruling on the United States' Motion to Dismiss in order to promote judicial economy and efficiency. Plaintiffs oppose any stay, arguing that they are entitled to pursue their claim without any delay, even if it might result in a waste of resources. In light of the circumstances of this litigation, Plaintiffs' position is not tenable.

First, although Plaintiffs now protest that a stay will cause them injury, they cannot claim to have pursued their rights with great alacrity. Plaintiff Unisys seeks to recover response costs incurred prior to 1995. Complaint, ¶¶ 3, 34. Plaintiff Lockheed Martin claims to have incurred costs beginning shortly thereafter when its corporate predecessor purchased the manufacturing facility at issue ("the Site") from Unisys. Id. In addition, beginning on November 10, 1998,

Plaintiffs entered a series of tolling agreements with the United States regarding the claims at issue in this matter, Complaint ¶ 33, as well as CERCLA claims related to other facilities. In November 2006, the United States and Plaintiffs signed a tolling agreement that applied only to the claims for facilities outside the scope of the complaint. Plaintiffs' assertion they will be prejudiced by a delay in fact-gathering to allow the resolution of threshold legal questions cannot be reconciled with their own behavior.

Second, Plaintiffs' effort to dismiss as minor the burden on the United States of proceeding with initial disclosures and discovery is unconvincing. Plaintiffs are seeking to recover costs incurred during a period of over 20 years. Their claim is premised on activities that occurred decades ago. The factual issues involved in their claim include, but are not limited to: (1) activities by federal employees and employees of the relevant companies many years ago; (2) technical issues pertaining to the nature and sufficiency of the work done and its compliance with the requirements of the National Contingency Plan, which is a necessary element for recovery under CERCLA; (3) accounting issues pertaining to the documentation of such costs; and (4) the extent to which Plaintiffs may have been reimbursed for any such costs pursuant to government contracts. Contrary to Plaintiffs' suggestion, an exchange of information as part of a settlement process does not reduce a complicated discovery process to one that is quick and easy, particularly where there are technical and other issues that require the preparation and presentation of expert testimony. There is simply no reason that the government should have to assume this burden, given that Plaintiffs claims may be legally invalid for the reasons set forth in the motion to dismiss.

Third, Plaintiffs are mistaken in arguing that the United States' motion to dismiss will not

resolve their entire claim. Both plaintiffs claim that they are entitled to recover under section 107(a), even if they share responsibility for the cleanup under CERCLA's liability provisions. Lockheed Martin also argues that, in the alternative, it can recover because it is not a liable party under CERCLA. Because the United States' motion plainly seeks the dismissal of both claims, Plaintiffs' suggestion that the motion cannot not fully dispose of this case is incorrect. Moreover, the Court will not have to reach Lockheed's alternate claim unless the primary claim is dismissed. Accordingly, the presence of the alternative claim does not affect the fact that this matter can be resolved more efficiently if initial disclosures and discovery are stayed until the motion to dismiss has been resolved.

Finally, as Plaintiffs acknowledge, the Supreme Court has granted certiorari in a case presenting the question of whether CERCLA section 107(a) authorizes a claim by responsible parties. Atlantic Research Corp. v. United States, 459 F.3d 827 (8th Cir. 2006) ("ARC"), cert. granted, 2007 WL 124673 (U.S.), 75 U.S.L.W. 3236 (Jan. 19, 2007). Obviously, any immediate decision by this Court on the United States' motion to dismiss would be subject to reconsideration based on the outcome of the Supreme Court's proceedings. In order to further the goals of economy and efficiency for both the Court and the parties, the Court should defer considering the motion until the Supreme Court issues its decision

                Respectfully submitted,

                MATTHEW K. MCKEOWN
                ACTING ASSISTANT ATTORNEY GENERAL

/s/ EILEEN T. MCDONOUGH
Environmental Defense Section
United States Department of Justice
Post Office Box 23986
Washington, D.C. 20026-3986
telephone: (202) 514-3126
telefax: (202) 514-8865
eileen.mcdonough@usdoj.gov

January 29, 2007