IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION<br>&<br>UNISYS CORPORATION, | )<br>)<br>) | |
| Plaintiffs, | ) | CASE NUMBER: 1:06CV01438 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUPPLEMENTAL PLEADING IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS**

On November 6, 2006, the United States asked this Court to dismiss Plaintiffs' claims, asserting that Plaintiffs had failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See* United States' Memorandum in Support of Motion to Dismiss, doc. #12, at 1 ("Motion to Dismiss"). The United States argued that "[b]ecause Plaintiffs are potentially responsible parties…, section 107(a) does not provide an independent statutory basis for them to recover response costs" under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607(a). This legal position serves as the entire basis for the Government's motion.

On June 11, 2007, the Supreme Court resolved this question in Plaintiffs' favor with its unanimous opinion in *United States v. Atlantic Research Corp.*, No. 06-562, slip. op. at 1 (U.S. June 11, 2007) ("In this case, we must decide… whether §107(a) provides so-called potentially responsible parties (PRPs), 42 U.S.C. §9607(a)(1)-(4), with a cause of action to recover costs from other PRPs. We hold that it does."). For the Court's convenience, Plaintiffs have attached to this pleading the slip opinion in *United States v. Atlantic Research Corp*.

In *Atlantic Research*, the Court expressly considered and rejected the same arguments made by the Government in the instant Motion to Dismiss. The Court noted that the Government's reading of Section 107(a)(4)(B) "makes little textual sense." *Compare Atlantic Research*, slip op. at 6, *with* Motion to Dismiss at 14-15. And it put to rest concerns about the risk of "friction between §107(a) and §113(f)," identifying distinct roles for each provision. *Atlantic Research*, slip op. at 7. "Section 113(f)(1) authorizes a contribution action to PRPs with common liability stemming from an action instituted under §106 or §107(a). And §107(a) permits cost recovery (as distinct from contribution) by a private party that has itself incurred cleanup costs." *Id*. at 9.

*Atlantic Research* undeniably controls the issue before the Court, and confirms that Plaintiffs have a viable cause of action under Section 107(a). Accordingly, Plaintiffs respectfully request that this Court deny the United States' Motion to Dismiss.

Dated:  June 12, 2007                              Respectfully submitted,


                                                   /s/ MICHAEL K. MURPHY
                                                   Peter E. Seley, D.C. Bar Number 440936
                                                   Michael K. Murphy, D.C. Bar Number 468907
                                                   Gibson, Dunn & Crutcher, LLP
                                                   1050 Connecticut Avenue, N.W.
                                                   Washington, D.C.  20036
                                                   (202) 955-8500
                                                   mmurphy@gibsondunn.com

                                                   *Counsel for Plaintiffs Lockheed Martin Corporation and Unisys Corporation*