IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION )<br>                                                            )<br>UNISYS CORPORATION,           )<br>               Plaintiffs,   )<br>                                      )<br>v.                                 )<br>UNITED STATES OF AMERICA,   )<br>               Defendant.   ) | CASE NUMBER: 1:06CV01438 (RJL) |

**PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO EXTEND TIME IN
WHICH TO ANSWER THE COMPLAINT**

From the beginning of this litigation, the United States has sought to delay, to stall, to impede Plaintiffs' claims in an effort to avoid having to pay its fair share of response costs at the former Plancor 146 facility in Great Neck, New York. ***The United States has moved to extend every deadline it has faced in this litigation.*** It asked for 14 days of additional time to file its response to Plaintiffs' Complaint, then it asked for a further extension of the same deadline. The United States requested 27 days to file their optional reply to Plaintiffs' response to the United States' motion to dismiss, even though the local rules normally grant five days. The United States asked for discovery to be stayed pending its motion to dismiss; then, when this Court allowed discovery to proceed, asked for months of extra time to respond to interrogatories and requests for admission.

Now the United States has come before this Court, almost one year after the Complaint in this case was filed, and has moved for another extraordinary extension. The civil rules require a defendant to file an answer within 10 days of a motion to dismiss being denied. Fed. R. Civ. P. 12(a)(4)(A). The United States is now requesting that this Court extend the time required to file

its Answer by *two additional months*. Plaintiffs respectfully request that this Court deny the United States' unreasonable request.

The United States' stated reason for *this* extension is that it must "analyze" the Supreme Court's decision in *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007). Plaintiffs agree that *Atlantic Research* was a major setback for the United States' CERCLA defense strategy. But *Atlantic Research* was hardly a novel interpretation of the law, nor was it unexpected. A unanimous Court affirmed the Eighth Circuit, and thereby adopted the majority rule already law in the Second, Seventh and Eighth Circuits. As a party in the *Atlantic Research* matter, the United States was certainly on notice that the Supreme Court might rule in Plaintiffs' favor, and it should have been well-prepared by now to understand the legal impact on its pending cases. The decision was released on June 11, 2007, nearly one month ago. Indeed, the United States has already responded to the Supreme Court's *Atlantic Research* holding by withdrawing its Motion to Dismiss, and no further "analysis" seems to be required.

The United States implies that *Atlantic Research* introduced new law in this area by citing to the discussion of § 113(f) counterclaims. But there is nothing in *Atlantic Research* of any significance with respect to counterclaims or third-party claims. The passage to which the United States refers in footnote 1 of its Motion is a 132 word acknowledgement of *existing* law: the simple point that CERCLA defendants may file counterclaims under § 113(f). This has been the law for twenty years. The United States has already alleged in its papers that it believes that Unisys and Lockheed Martin are potentially responsible parties, so there are no new facts that would affect its decision whether to assert a counterclaim under § 113(f). Moreover, the calculus of whether the United States should file third-party claims against the current landowner is wholly unaffected by *Atlantic Research*; this is an option the United States should have been

2

considering for the past several years.  In short, neither the law nor the facts regarding counterclaims or third-party claims was affected in any way by *Atlantic Research*, and the United States' effort to predicate its extension on that decision is untenable.

    Lastly, the United States asserts that because it is the government–and has a large CERCLA caseload across the nation–it should be granted special dispensation from the civil rules to coordinate national strategy to respond to *Atlantic Research*.  But this argument flies in the face of common sense and settled law that instructs that the government be treated as any other litigant.  In fact, as the First Circuit has explained, "the Federal Rules of Civil Procedure apply to the government as well as to all other litigants . . . .  [B]ecause the government is rendered uniquely powerful by its vast resources and statutory authority, it has a special responsibility to abide by civil adjudicatory rules."  *Resolution Trust Corp. v. North Bridge Assocs.*, 22 F.3d 1198, 1206 (1st Cir. 1994).  If the government's argument were a valid excuse for delay, the United States would never have to adhere to the time limits that bind all other litigants, and it could indefinitely stall any litigation.

For the foregoing reasons, and because eleven months is more than enough time for the United States to file its answer, Plaintiffs respectfully request that this Court deny the United States' motion for extension of time and allow Plaintiffs' claims to proceed in a timely manner.

Dated: July 9, 2007                    Respectfully submitted,

/s/ PETER E. SELEY_____
Peter E. Seley, D.C. Bar Number 440936
Michael K. Murphy, D.C. Bar Number 468907
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
pseley@gibsondunn.com

*Counsel for Plaintiffs Lockheed Martin Corporation and Unisys Corporation*