IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
LOCKHEED MARTIN CORPORATION, *et al.*,    )
                                                )
      Plaintiffs,                       )         Case No. 06-01438-RJL
                                                )
      v.                                 )
                                                )
UNITED STATES OF AMERICA,                  )
                                                )
      Defendant.                        )
_____)

ANSWER AND COUNTERCLAIM OF DEFENDANT,
UNITED STATES OF AMERICA

      Defendant, UNITED STATES OF AMERICA ("United States") responds as follows to

the Complaint filed on August 15, 2006, by Plaintiffs, LOCKHEED MARTIN CORPORATION

and UNISYS CORPORATION (collectively "Plaintiffs").  The responses are numbered to

correspond to the paragraphs in the Complaint.

      1.     Paragraph 1 of the Complaint constitutes Plaintiffs' characterization of their

claims, to which no response is required.  To the extent these allegations could be deemed

factual, the United States lacks sufficient information to form a belief as to the truth or falsity of

the allegations in Paragraph 1 of the Complaint, and therefore denies those allegations.

## THE PARTIES

      2.     The United States lacks sufficient information to form a belief as to the truth or

falsity of the allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

      3.     The United States lacks sufficient information to form a belief as to the truth or

falsity of the allegations in Paragraph 3 of the Complaint, and therefore denies those allegations.

1

4.     The allegations in the first sentence of Paragraph 4 of the Complaint are conclusions of law, to which no response is required.  The United States does not contest that it conducts and/or has conducted business through the agencies identified in the second sentence of Paragraph 4 of the Complaint.  The allegations in footnote 1 attached to Paragraph 4 characterize enacted statutes which speak for themselves and so no answer is required.   The United States denies that it presently conducts business through the entities identified in the footnote.

## JURISDICTION AND VENUE

5.     The allegations contained in Paragraph 5 of the Complaint are conclusions of law, to which no response is required.

6.     The allegations contained in Paragraph 6 of the Complaint are conclusions of law, to which no response is required.

## GOVERNMENT ROLE AT THE GREAT NECK MANUFACTURING FACILITY

7.     The United States admits the allegations in Paragraph 7 of the Complaint except to the extent that the second sentence alleges that the Air Force directed the expansion of Sperry's activities.  The United States denies this allegation.

8.     The allegations contained in the first sentence of Paragraph 8 of the Complaint purport to quote portions of a document which speaks for itself.  The United States admits the allegations contained in the second sentence of Paragraph 8 of the Complaint.

9.     The United States objects to the use of the vague and undefined terms "wide-ranging," and "primarily" and therefore is without sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 9 of the Complaint, except that the United States admits that the Defense Plant Corporation identified 130 acres of undeveloped

land in the vicinity of Lake Success, New York as the site for the new aeronautical equipment plant. The United States objects to the use of the vague and undefined terms "war production plant" and therefore is without sufficient knowledge to admit or deny the allegations contained in the second sentence of Paragraph 9 of the Complaint, except that the United States admits that one or more individual landowners sold or donated land for the aeronautical equipment plant built in the vicinity of Lake Success, New York.

10.    The allegations contained in the first and second sentences of Paragraph 10 of the Complaint purport to describe the contents of a contract. The contract is the best evidence of its contents and therefore no response to those allegations is required. To the extent a response is required, the United States admits that the Defense Plant Corporation entered into a contract and lease with Sperry Gyroscope Company in July 1941. The United States objects to the use of the vague and undefined terms "war production" and therefore is without sufficient knowledge to admit or deny the allegations contained in the third sentence of Paragraph 10 of the Complaint, except that the United States admits on information and belief that construction of the Great Neck Manufacturing Facility was completed in February 1942 at an approximate cost of $40 million.

11.    The allegations contained in Paragraph 11 of the Complaint purport to describe the contents of a contract. The contract is the best evidence of its contents and therefore no response to those allegations is required.

12.    The United States denies the allegation in Paragraph 12 of the Complaint that it "controlled every aspect of the Great Neck Manufacturing Facility's day-to-day operations" during World War II.

3

(a).    In response to subparagraph (a),  the United States admits that it determined the kind and amount of military equipment that it would purchase from Sperry.

(b).    In response to subparagraph (b), the United States admits that it in some instances it required Sperry to use particular subcontractors in performing work pursuant to contracts with the government.

(c).    The United States objects to the allegations in subparagraph (c) given the absence of a specific identification of the types of raw materials at issue.  In further response to subparagraph (c), the United States admits that it exercised regulatory authority over the United States economy as a whole during World War II and that in the course of this exercise of regulatory authority, federal agencies, including the Office of Production Management and the War Production Board, exercised regulatory control over the price and distribution of many materials, including TCE and PCE.

(d).    In response to subparagraph (d), the United States admits that it exercised regulatory authority over the United States economy as a whole during World War II and that laws enacted in the course of this exercise of regulatory authority established price controls which applied throughout the economy and therefore to Sperry.

(e).    The United States objects to the use of the vague and undefined terms "controlling employee hours" and therefore is without sufficient knowledge to admit or deny the allegations contained in subparagraph (e) of Paragraph 12 of the Complaint.  The United States further objects to subparagraph (e) because it is unclear if the allegations in this subparagraph are directed towards alleged governmental actions specific to the Facility or actions applicable throughout the economy.  In further response, the United States admits that it exercised

regulatory authority over the United States economy as a whole during World War II; that in the course of this exercise of regulatory authority, wage controls were established by statute and regulation during World War II; and that Sperry, like any other company, was subject to applicable laws and regulations governing wages. The United States further admits that Sperry's ability to hire new workers would also have been subject to authorities regarding employment such as the Wartime Manpower Commission. The United States is without information that would establish that draft deferments were obtained for workers at the Great Neck Manufacturing Facility and so denies the same. The United States denies directing the hours of specific employees at the Great Neck Manufacturing Facility. The United States admits that a military officer proposed that Sperry should run two 10-hour shifts, instead of three eight-hour shifts, but denies that the change was implemented without the agreement of Sperry managers and the approval of Sperry's Board of Directors.

13.     The United States admits that it exercised regulatory authority over the United States economy as a whole during World War II and that in the course of this exercise of regulatory authority, it assigned over 100 federal personnel, including military personnel, to the Great Neck Manufacturing Facility to monitor the quality of the products manufactured pursuant to contracts with the government; ensure compliance with applicable government specifications to the extent that such specifications existed; and ensure industrial security. The United States denies that its assigned personnel "took over" traditional functions of management of the Great Neck Manufacturing Facility and thus denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Upon information and belief, the United States admits the allegations in

Paragraph 14 of the Complaint.

15.     In response to the allegations in the first sentence of Paragraph 15 of the Complaint, the United States admits that a National Security Clause was included in the deed for the Great Neck Manufacturing Facility, in accordance with the requirements of the National Industrial Reserve Act of 1948.  The allegations contained in the second sentence of Paragraph 15 of the Complaint purport to describe the contents of the National Security Clause, which clause is the best evidence of its contents; therefore no response to those allegations is required. With respect to the third sentence, the United States admits that the National Security Clause remained in effect between 1950 and 1970, but the allegation that it is an "ownership interest" is a conclusion of law, not an allegation of fact, and so requires no response.

16.     The United States admits the allegations contained in Paragraph 16 of the Complaint.

17.     The United States admits that a substantial portion of the work performed by Sperry at the Great Neck facility after 1950 was pursuant to government contracts, but is without information as to the amount of work performed for other entities and so denies the allegation that the work for the federal government was the "vast majority of Sperry's work."

18.     The United States objects to the allegations in the first sentence of Paragraph 18 given the absence of a designated time period and therefore is without sufficient knowledge to admit or deny the allegations contained therein and therefore denies those allegations.  The United States admits the allegations in the second sentence of Paragraph 18.

19.      The United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint, and therefore denies those

6

allegations, except that the United States admits that it prohibited the sale and export of classified products and that some of those products were produced at the Facility.

20.      In response to the allegations in the first sentence of Paragraph 20, the United States admits that in accordance with federal procurement regulations, certain cost-reimbursable contracts between the United States and Sperry for products manufactured at the Great Neck Manufacturing Facility between 1945 and 1970 gave the United States title to equipment, parts, tooling, supplies and raw materials that were either acquired or produced at the Facility, if Sperry was entitled to recover the cost thereof under the definition of allowable costs in the contract(s).  The second sentence of Paragraph 20 purports to describe the contents of regulations and contracts.  The regulations and contracts are the best evidence of their contents and therefore no response to those allegations is required.  In response to the allegations in the third sentence of Paragraph 20, the United States admits that in accordance with federal procurement regulations, certain cost-reimbursable contracts between the United States and Sperry for products manufactured at the Great Neck Manufacturing Facility between 1945 and 1970 gave the United States title to any scrap materials produced at the Facility, if Sperry was entitled to recover the cost thereof under the definition of allowable costs in the contract(s).

21.      The United States admits that the allegations in Paragraph 21 are consistent with certain government contracts.

22.      The United States admits the allegations in Paragraph 22 to the extent that some of its contracts with Sperry required that some of the materials used be government-owned or government-specified.

23.      The United States admits the allegations in the first sentence of Paragraph 23 of

the Complaint. The United States denies the allegations in the second and third sentence of Paragraph 23 of the Complaint. The United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in the fourth sentence of Paragraph 23 of the Complaint, and therefore denies those allegations.

24.     The United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint, and therefore denies those allegations.

25.     The United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 25 of the Complaint for the time period between 1942 and 1950, and therefore denies those allegations. The United States admits that TCE and PCE were used subsequent to 1950, but lacks sufficient information to form a belief as to when such use began. The United States lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 of the Complaint, and therefore denies those allegations.

### PLAINTIFFS' RESPONSE TO HAZARDOUS SUBSTANCES

26.     Paragraph 26 of the Complaint constitutes Plaintiffs' definition of the term "Great Neck Site," to which no response is required. To the extent these allegations could be deemed factual, the United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint, and therefore denies those allegations.

27.     Upon information and belief, the United States admits the allegations in Paragraph 27 of the Complaint.

28.     The United States admits the allegations in the first sentence of Paragraph 28 of

8

the Complaint.  The United States lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 of the Complaint, and therefore denies those allegations.

29.    The United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint, and therefore denies those allegations.

30.    The allegations contained in Paragraph 30 of the Complaint purport to describe an administrative order.  Said order is the best evidence of its contents and therefore no response to those allegations is required.  To the extent a response is required, the United States admits upon information and belief that Unisys and NYSDEC entered into an Agreed Order on Consent on or about December 13, 1991.

31.    The allegations contained in Paragraph 31 of the Complaint purport to describe an administrative order.  Said order is the best evidence of its contents and therefore no response to those allegations is required.

32.    The United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint, and therefore denies those allegations.

33.    The United States admits the allegations in Paragraph 33 of the Complaint.

34.    The United States lacks sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 34 of the Complaint, and therefore denies those allegations.  To the extent that said allegations are conclusions of law, no response is required.  The United States lacks sufficient information to form a belief as to the truth or

falsity of the remaining allegations in Paragraph 33 of the Complaint, and therefore denies those allegations.

## FIRST CAUSE OF ACTION

35.     The United States incorporates by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

36.     The allegations contained in Paragraph 36 of the Complaint are conclusions of law to which no response is required.

37.     The allegations contained in Paragraph 37 of the Complaint are conclusions of law to which no response is required.

38.     The allegations contained in Paragraph 38 of the Complaint are conclusions of law to which no response is required.

39.     The allegations contained in Paragraph 39 of the Complaint are conclusions of law to which no response is required.

40.     The allegations contained in Paragraph 40 of the Complaint are conclusions of law to which no response is required.

41.     The allegations contained in Paragraph 41 of the Complaint are conclusions of law to which no response is required.

42.     The allegations contained in Paragraph 42 of the Complaint are conclusions of law to which no response is required.

43.     The allegations contained in Paragraph 43 of the Complaint are conclusions of law to which no response is required.

44.     The allegations contained in Paragraph 44 of the Complaint are conclusions of

law to which no response is required.

## SECOND CAUSE OF ACTION

45.     The United States incorporates by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

46.     The allegations contained in the first sentence of Paragraph 46 of the Complaint are conclusions of law, and/or constitute Plaintiffs' characterization of their claims, to which no response is required.  The remaining allegations in Paragraph 46 of the Complaint constitute Plaintiffs' characterization of their claims, and/or Plaintiffs' characterization of the United States' response to said claims, to which no response is required.

47.     The allegations contained in Paragraph 47 of the Complaint are conclusions of law to which no response is required.

## PRAYER FOR RELIEF

Plaintiffs' Complaint has a prayer for relief requesting various forms of relief.  To the extent a response is required, the United States denies that Plaintiffs are entitled to the requested relief or to any other judgment or relief in their favor.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, the United States hereby denies such allegations.

## DEFENSES

Without limiting or waiving any defenses available to it, the United States hereby asserts the following defenses:

## FIRST DEFENSE

11

The Court lacks jurisdiction over some or all of Plaintiffs' claims.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims for more than $10,000

that purportedly arise from an agreement or contract with the United States, and therefore can be

brought only in the Court of Federal Claims.

## THIRD DEFENSE

The Complaint fails to state a claim or set forth facts sufficient to support a claim for

attorneys' fees.

## FOURTH DEFENSE

Plaintiffs failed to mitigate, reduce, or otherwise avoid its alleged damages.

## FIFTH DEFENSE

Some or all of Plaintiffs' alleged response costs are not "necessary costs" incurred

"consistent with the National Contingency Plan," as required by section 107(a) of CERCLA and

thus cannot be recovered under CERCLA.

## SIXTH DEFENSE

Plaintiffs are barred from asserting this action for some or all of their alleged response

costs by the applicable statute of limitation including, but not limited to, 42 U.S.C. §§

9612(d)(2), and 9613(g).

## SEVENTH DEFENSE

The injuries or damages alleged in the Complaint were proximately caused by the

intervening act or acts of a party or parties, other than an officer, agent, servant, or employee of

the United States.  The United States is not a liable party under CERCLA under the facts alleged in the Complaint.

## EIGHTH DEFENSE

The United States is not liable for any costs that result from the cleanup of materials or constituents that are not "hazardous substances" as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

## NINTH DEFENSE

If the United States is found liable to Plaintiffs under CERCLA, Plaintiffs have no claim for joint and several liability.  The United States' liability, if any, is limited to its equitable share of the necessary costs of response incurred consistent with the National Contingency Plan. Plaintiffs' recovery from Defendants, if any, should be reduced in accordance with the various equitable and other factors used under 42 U.S.C. §§ 9601 *et. seq.* to allocate costs and damages among parties.

## TENTH DEFENSE

Plaintiffs are barred from recovering some or all of their alleged response costs because the United States has already paid its share of any environmental cleanup costs associated with contracts between Plaintiffs and the United States.

## ELEVENTH DEFENSE

In an allocation of responsibility under CERCLA, Plaintiffs should recover nothing, or less than their demand, for equitable reasons, including, but not limited to, their own conduct and liability.

## TWELFTH DEFENSE

To the extent that any alleged contamination at the Site attributable to the United States is divisible from other contamination at the Site, the United States is not liable for costs relating to that other contamination.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs have recovered or recover any costs from another person or entity, or from the United States under any contract or any statute other than CERCLA, Plaintiffs are precluded by 42 U.S.C. § 9614(b) from receiving reimbursement for those costs from the United States under CERCLA.

## FOURTEENTH DEFENSE

The Complaint does not describe the claims or events with sufficient particularity to allow the United States to ascertain what other defenses may exist at this time, and therefore the United States reserves the right to assert all defenses which may pertain to the Complaint once the precise nature of the claims is ascertained in the future.

## COUNTERCLAIM

While preserving all of its defenses and expressly denying that it is liable to Plaintiffs for any matter set forth in the Complaint, pursuant to the provisions of Fed. R. Civ. P. 13, the United States of America, by and through the undersigned attorneys, and at the request of and on behalf of the United States General Services Administration, asserts the following counterclaim against Plaintiffs.

## PARTIES

1.     Defendant and Counterclaim Plaintiff is the United States of America ("United

14

States").

2.      The United States is informed and believes that Plaintiff and Counterclaim Defendant Lockheed Martin Corporation ("Lockheed") is a Maryland corporation.

3.      The United States is informed and believes that Plaintiff and Counterclaim Defendant Unisys Corporation ("Unisys") is a Delaware corporation..

## JURISDICTION AND VENUE

4.      Jurisdiction over this counterclaim is based upon 42 U.S.C. § 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

5.      Venue is proper in this district under 42 U.S.C. § 9613(b).

## STATUTORY BACKGROUND

6.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

7.      PRPs are defined in CERCLA as (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances.  See 42 U.S.C. § 9607(a)(1) - (4).

8.      CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]."  42 U.S.C. § 9613(f)(1).

9.      CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."

## GENERAL ALLEGATIONS

10.     The United States is informed and believes that Unisys Corporation was formed through a merger of Sperry Rand Corporation and Burroughs Corporation; that Sperry Rand Corporation, in turn, was formed through a merger of Sperry Corporation and Remington Rand; that Sperry Rand Corporation, Sperry Corporation and the predecessor of Sperry Corporation (known as Sperry Gyroscope Company) formerly operated as and conducted business at the Great Neck Manufacturing Facility ("Site"); and that Unisys is a successor to the liabilities of Sperry Rand Corporation, Sperry Corporation, Sperry Gyroscope Company and other related entities that operated at the Site.

11.     The United States is informed and believes that Lockheed Martin Corporation is the corporate parent of Lockheed Martin Tactical Systems; that Lockheed Martin Tactical Systems was formed in 1996, when LAC Acquisition Corporation merged with the Loral Corporation; and that in 1995, Loral Corporation purchased certain assets of Unisys, including the Great Neck Manufacturing Facility.

12.     In Paragraphs 3, 11, 12, 14, 17 and 23 of the Complaint, Plaintiffs allege that they, and their related companies, were at various times tenants, operators and owners of the Site and that from approximately 1942 until the 1980s, during the period of said tenancy, operation and ownership, the Site was used for aeronautical manufacturing operations.

16

13.    The United States, upon information and belief, alleges that as part of their operations, Plaintiffs and/or their related companies used or generated hazardous substances, including trichloroethylene ("TCE"), tetrachlorethylene, also known as perchlorethylene ("PCE") and other volatile organic compounds during its manufacturing operations.  Upon information and belief, Plaintiffs and/or their related companies released or caused the release of hazardous substances at the Site.

14.    On information and belief, Plaintiffs and/or their related companies, through corporate officers, directors, managers, and employees, participated in and made decisions about the use, handling, storage, and disposal of hazardous wastes and hazardous substances, including TCE and PCE, at or near the Site.

15.    The New York State Department of Environmental Conservation ("NYSDEC") has alleged that Plaintiffs released hazardous substances at the Site and that said releases of hazardous substances have resulted in contamination at and near the Site.

16.    Plaintiffs and Counterclaim Defendants Lockheed Martin Corporation and Unisys Corporation are each a "person" as that word is defined in CERCLA section 101(21), 42 U.S.C. § 9601(21).

17.    The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

18.    Plaintiffs allege in Paragraph 38 of the Complaint that the Site is a "facility" for purposes of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

19.    Plaintiffs allege in Paragraphs 26, 27, 28, 34, 38 and 40 of the Complaint that there have been releases or threatened releases of hazardous substances at the Site.  Plaintiffs are

17

each liable as an owner, operator, arranger, or transporter for the hazardous wastes or substances that were disposed, dumped, spilled, abandoned and/or released at the Site.

20.     Plaintiffs allege in Paragraph 34 of the Complaint that they have incurred, and will continue to incur, response costs.

## COUNTERCLAIM: CERCLA CONTRIBUTION

21.     The United States incorporates by reference, as if fully set forth herein, Paragraphs 1 through 20 of this Counterclaim.

22.     Plaintiffs have filed a civil action against the United States and in Paragraphs 35 through 47 of the Complaint allege claims under CERCLA section 107(a), 42 U.S.C. § 9607(a); therefore CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), authorizes the United States to seek contribution in this action.

23.     The Court should allocate the response costs at issue in Plaintiffs' Complaint among liable parties using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF

WHEREFORE, the United States requests that the Complaint be dismissed with prejudice, that each of Plaintiffs' requests for relief be denied in their entirety, that any equitable apportionment conducted by the Court appropriately reflect Plaintiffs' liability, that the United States be awarded its costs and disbursements in this action, and any additional relief the Court deems just and proper under the circumstances.

Respectfully submitted,

FOR THE UNITED STATES:

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division


Date:   September 14, 2007          /s/ Eileen T. McDonough
                                   EILEEN T. MCDONOUGH
                                   JOSHUA M. LEVIN
                                   United States Department of Justice
                                   Environment & Natural Resources Division
                                   Environmental Defense Section
                                   P.O. Box 23986
                                   Washington D.C.  20026-3986
                                   Telephone: (202) 514-3126
                                   Telephone: (202) 514-4198