IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION<br>&<br>UNISYS CORPORATION, | )<br>)<br>) | |
| Plaintiffs, | ) | CASE NUMBER: 1:06CV01438 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLAINTIFF LOCKHEED MARTIN IN SUPPORT OF
ITS MOTION TO DISMISS THE UNITED STATES' COUNTERCLAIM**

The United States of America ("United States" or the "government") asserts a counterclaim against Lockheed Martin Corporation and Unisys Corporation for contribution under Section 113(f)(1) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1) ("Counterclaim"). Such a claim can only be brought against a person "who is liable or potentially liable under section 107(a)." 42 U.S.C. § 9613(f)(1). Because the United States has failed to plead any facts that support its allegation that Lockheed Martin is liable or potentially liable under CERCLA § 107(a), the Counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6).

**I.   THE UNITED STATES MUST PLEAD SUFFICIENT FACTS TO SUSTAIN A CAUSE OF ACTION UNDER CERCLA § 113(f)(1)**

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the claimant is entitled to relief in order to give the defendant notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1964 (2007). But "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.

Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. And "[a] complaint must contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)).

The government's Counterclaim against Lockheed Martin is brought pursuant to CERCLA § 113(f)(1), which provides that "[a]ny person may seek contribution from any other person *who is liable or potentially liable under section 107(a)*." 42 U.S.C. § 9613(f)(1) (emphasis added). Accordingly, a material element of the government's cause of action against Lockheed Martin is a showing that Lockheed Martin is liable or potentially liable under CERCLA § 107(a). *Minyard Enters., Inc. v. Southeastern Chem. & Solvent Co*., 184 F.3d 373, 385 (4th Cir. 1999) (holding that "under § 113(f) of CERCLA, the Plaintiff bears the burden of proving the defendant is a responsible party under § 107(a) of CERCLA").

Section 107(a) contains four categories of "covered persons" considered liable under CERCLA. Covered persons include:

> (1)   the owner and operator of a vessel or a facility,
>
> (2)   any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3)   any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4)   any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance[.]

2

42 U.S.C. § 9607(a)(1)-(4).  Accordingly, to support a claim that Lockheed Martin is a "covered person" under CERCLA § 107(a)(1)-(4), and thus amenable to suit under CERCLA § 113(f)(1), the United States must introduce facts that state or raise an inference that Lockheed Martin is the current owner or operator of the facility, that it owned or operated the facility at the time of disposal of hazardous substances, or that it arranged for the disposal or accepted for transport the hazardous substances at issue.

## II.     THE UNITED STATES HAS NOT ALLEGED FACTS TO ESTABLISH THAT LOCKHEED MARTIN IS A "COVERED PERSON" UNDER CERCLA § 107(A)(1)-(4)

The government broadly asserts that "Plaintiffs are each liable as an owner, operator, arranger, or transporter for the hazardous wastes or substances that were disposed, dumped, spilled, abandoned and/or released at the Site."  Counterclaim ¶ 19.  This is, of course, precisely the type of "formulaic recitation of a cause of action's elements" condemned by the Supreme Court, *Bell Atlantic Corp*, 127 S. Ct. at 1964, and the type of allegation that a court is "not bound to credit and may disregard" on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

In fact, the only allegations in the Counterclaim that even arguably address the issue of "covered person" under CERCLA §§ 107(a)(1)-(4) are paragraphs 12 and 13, which state that "[Plaintiffs], and their related companies, were at various times tenants, operators and owners of the Site and that from approximately 1942 until the 1980s, during the period of said tenancy, operation and ownership, the Site was used for aeronautical manufacturing operations," Counterclaim at ¶ 12, and that "as part of their operations, Plaintiffs and/or their related companies used or generated hazardous substances . . . [and] [u]pon information and belief,

3

Plaintiffs and/or their related companies released or caused the release of hazardous substances at the Site." Counterclaim at ¶ 13.

In addition to being hopelessly conclusory, these allegations fail to state any facts establishing that Lockheed Martin is liable or potentially liable under CERCLA § 107(a). First, the vague allegation that Lockheed Martin was an owner or operator "at various times" is insufficient, even if taken as true, to establish that Lockheed Martin is a current owner and operator under CERCLA § 107(a)(1).[1] Second, the allegations themselves disprove any argument that Lockheed Martin was an owner or operator at the time of disposal of the hazardous substances at issue. The Counterclaim alleges that the hazardous substances were used, generated and disposed of as part of the manufacturing operations of the facility "from approximately 1942 until the 1980s," Counterclaim ¶¶ 12-13, but Lockheed Martin did not purchase the facility until 1996. Complaint ¶¶ 2-3. Even if taken as true, then, the allegations in the government's Counterclaim fail to establish that Lockheed Martin was "an owner or operator at the time of disposal" under CERCLA § 107(a)(2). *See ABB Indus. Systs., Inc. v. Prime Tech., Inc.*, 120 F.3d 351 (2d Cir. 1997) (finding that summary judgment in favor of former owners/operators was warranted where plaintiff did not set forth sufficient evidence that disposal

---

[1] In fact, as noted in prior pleadings filed in this case, Lockheed Martin sold the Great Neck Facility to i.Park Lake Success LLC in 2000. *See* Plaintiffs' Response to the United States' Motion to Dismiss (Nov. 17, 2006) at 2. Accordingly, Lockheed Martin is not the current owner and operator of the site, and was not the owner and operator at the time the Complaint in this case was filed. *See United States v. Fleet Factors Corp.*, 901 F.2d 1550, 1554 (11th Cir. 1990) ("In order to effectuate the goals of the statute, we will construe the present owner and operator of a facility as that individual or entity owning or operating the facility at the time the plaintiff initiated the lawsuit by filing a complaint.") *unrelated portions superseded by statute, Monarch Tile, Inc. v. City of Florence*, 212 F.3d 1219 n.2 (11th Cir. 2000); *United States v. JG-24, Inc.*, 331 F. Supp. 2d 14 (D.P.R. 2004) ("Within the meaning of Section 107(a)(1) of CERCLA, the current owner means the owner at the time of filing of the complaint.").

occurred during defendants' tenure at the property).  Finally, the Counterclaim identifies no factual basis whatsoever for any assertion that Lockheed Martin is an arranger or transporter of hazardous waste within the scope of CERCLA §§ 107(a)(3) or (4).

### III.    CONCLUSION

The United States has not adequately pled facts to indicate that Lockheed Martin is the current owner and operator of the facility, nor has it alleged that Lockheed Martin owned or operated the facility at the time of disposal of the hazardous materials, nor has it pled facts alleging that Lockheed Martin was an arranger or a transporter of hazardous substances.  These facts, however, are an essential element of the government's CERCLA § 113(f)(1) counterclaim.  Absent facts adequately alleging that Lockheed Martin is a "covered person" under CERCLA § 107(a), the government has failed to state a claim upon which relief under CERCLA § 113(f)(1) can be granted, and their counterclaim against Lockheed Martin should be dismissed.

For the foregoing reasons, Lockheed Martin respectfully requests that this Court dismiss the United States' Counterclaim for contribution under CERCLA Section 113(f)(1).

Dated:  October 26, 2007                         Respectfully submitted,

              /s/ Peter E. Seley
Peter E. Seley, D.C. Bar Number 440936
Michael K. Murphy, D.C. Bar Number 468907
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
pseley@gibsondunn.com

*Counsel for Plaintiff Lockheed Martin Corporation*