IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION<br>&<br>UNISYS CORPORATION,<br>   Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER: 1:06CV01438 (RJL) |

## ANSWER TO COUNTERCLAIMS OF DEFENDANT, UNITED STATES OF AMERICA

Plaintiff, Unisys Corporation ("Unisys") responds as follows to the Counterclaim filed on September 14, 2007 by Defendant, United States of America ("United States"). The responses are numbered to correspond to the paragraphs in the Counterclaim.

1. Unisys admits the allegation in Paragraph 1 of the Counterclaim.

2. Unisys admits the allegation in Paragraph 2 of the Counterclaim.

3. Unisys admits the allegation in Paragraph 3 of the Counterclaim.

4. The allegation in Paragraph 4 of the Counterclaim is a conclusion of law, to which no response is required.

5. The allegation in Paragraph 5 of the Counterclaim is a conclusion of law, to which no response is required.

6. The allegation in Paragraph 6 of the Counterclaim is a conclusion of law, to which no response is required.

7. The allegation in Paragraph 7 of the Counterclaim is a conclusion of law, to which no response is required.

8. The allegation in Paragraph 8 of the Counterclaim is a conclusion of law, to which no response is required.

9. The allegation in Paragraph 9 of the Counterclaim is a conclusion of law, to which no response is required.

10. Unisys admits that Unisys Corporation was formed through a merger of Sperry Corporation and Burroughs Corporation; that Sperry Corporation had previously merged with Remington Rand to form Sperry Rand Corporation; that Sperry Rand Corporation, prior to merging with Burroughs, became known as Sperry Corporation; that Sperry Rand Corporation, Sperry Corporation, and a predecessor of Sperry Corporation (known as Sperry Gyroscope Company) formerly operated and conducted business at the Great Neck Manufacturing Facility. The allegation in Paragraph 10 regarding liability is a conclusion of law, to which no response is required. With respect to the final clause "and other related entities that operated at that Site," Unisys objects to the vague and undefined term "other related entities" and therefore lacks sufficient knowledge to admit or deny this allegation.

11. Unisys admits to the allegations in Paragraph 11 of the Counterclaim.

12. Unisys denies the allegation in Paragraph 12 of the Counterclaim. The Complaint is part of the record in this litigation and does not include the statements ascribed to it in Paragraph 12.

13. Unisys admits the allegations in Paragraph 13 of the Counterclaim to the extent that they refer to Unisys, except Unisys lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Counterclaim with respect to other parties.

14. Subject to the next two sentences, Unisys admits the allegations in Paragraph 14 of the Counterclaim to the extent they refer to Unisys and to the extent they refer only to some

decisions about hazardous waste use. Unisys denies the allegations in Paragraph 14 to the extent they allege that Unisys participated in and made all decisions that were made about hazardous waste use at or near the Site. Unisys lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Counterclaim with respect to other parties.

15. Subject to the next sentence, Unisys admits the allegations in Paragraph 15 of the Counterclaim to the extent they refer to Unisys and to the extent they refer to the Order on Consent entered into by Unisys on December 13, 1991, with the New York State Department of Environmental Conservation, entitled *In the Matter of the Development and Implementation of Remedial Investigation/Feasibility Study and Interim Remedial Measure for an Inactive Hazardous Waste Disposal Site, Under Article 27, Title 13, of the Environmental Conservation Law of the State of New York by Unisys Defense Systems, Inc.*, Site #1-30-045, Index #W-1-0527-91-02, which speaks for itself. Unisys lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Counterclaim with respect to other parties.

16. The allegation in Paragraph 16 of the Counterclaim is a conclusion of law, to which no response is required.

17. The allegation in Paragraph 17 of the Counterclaim is a conclusion of law, to which no response is required.

18. Unisys admits the allegation in Paragraph 18 of the Counterclaim.

19. Subject to the next two sentences, Unisys admits the allegations in Paragraph 19 of the Counterclaim that Plaintiffs allege in the Complaint that there have been releases of hazardous substances at the Site. Unisys denies the allegations to the extent they ascribe specific language to the Complaint which does not appear in the Complaint, which speaks for itself. The

allegations relating to liability in Paragraph 19 are conclusions of law to which no response is required.

20. Unisys admits the allegation in Paragraph 20 of the Counterclaim.

21. Unisys incorporates by reference the responses in the preceding Paragraphs of this Answer as though fully set forth herein.

22. The allegation in Paragraph 22 of the Counterclaim is a conclusion of law, to which no response is required.

23. The allegation in Paragraph 23 of the Counterclaim is a conclusion of law, to which no response is required.

Dated: October 26, 2007                     Respectfully submitted,

                                                      /s/ Peter E. Seley
Peter E. Seley, D.C. Bar Number 440936
Michael K. Murphy, D.C. Bar Number 468907
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
pseley@gibsondunn.com

*Counsel for Plaintiff Unisys Corporation*

4

5

5