IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LOCKHEED MARTIN CORPORATION, and )
UNISYS CORPORATION, )
                                  )
    Plaintiffs,                   )          Case No. 06-01438-RJL
                                  )
    v.                            )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
    Defendant.                    )
_____)

## THE UNITED STATES' FIRST AMENDED
## COUNTERCLAIM AGAINST LOCKHEED

While preserving all of its defenses and expressly denying that it is liable to Plaintiffs for

any matter set forth in the Complaint, pursuant to the provisions of Fed. R. Civ. P. 13, the United

States of America, by and through the undersigned attorneys, and at the request of and on behalf

of the United States General Services Administration, asserts the following amended

counterclaim against Plaintiff Lockheed Martin Corporation.

## PARTIES

1.      Defendant and Counterclaim Plaintiff is the United States of America ("United

States").

2.      The United States is informed and believes that Plaintiff and Counterclaim

Defendant Lockheed Martin Corporation ("Lockheed") is a Maryland corporation.

## JURISDICTION AND VENUE

4.      Jurisdiction over this counterclaim is based upon 42 U.S.C. § 9613(b), 28 U.S.C.

§ 1331, and 28 U.S.C. § 1345.

5.      Venue is proper in this district under 42 U.S.C. § 9613(b).

## STATUTORY BACKGROUND

6.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

7.    PRPs are defined in CERCLA as (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances.  See 42 U.S.C. § 9607(a)(1) - (4).

8.    CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]."  42 U.S.C. § 9613(f)(1).

9.    CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."

## ALLEGATIONS

10.     The United States is informed and believes that Unisys Corporation was formed

through a merger of Sperry Rand Corporation and Burroughs Corporation; that Sperry Rand

Corporation, in turn, was formed through a merger of Sperry Corporation and Remington Rand;

that Sperry Rand Corporation, Sperry Corporation and the predecessor of Sperry Corporation

(known as Sperry Gyroscope Company) formerly operated as and conducted business at the

Great Neck Manufacturing Facility ("Site"); and that Unisys is a successor to the liabilities of

Sperry Rand Corporation, Sperry Corporation, Sperry Gyroscope Company and other related

entities that operated at the Site.

11.     In 1991, Unisys entered an Administrative Order on Consent ("Order") with the

New York State Department of Environmental Conservation ("NYSDEC") which required

Unisys to take certain actions in response to contamination at the Site, including delineating the

extent of contamination, designing an Interim Remedial Measure, and developing and

implementing a Remedial Investigation and Feasibility Study to address releases of hazardous

substances at the Site.

12.     The United States is informed and believes that during and after 1991, Unisys

incurred costs in complying with the NYSDEC Order that it now seeks to recover from the

United States.

13.     Lockheed Martin Corporation is the corporate parent of Lockheed Martin Tactical

Systems; that Lockheed Martin Tactical Systems was formed in 1996, when LAC Acquisition

Corporation merged with the Loral Corporation; and that in 1995, Loral Corporation purchased

certain assets of Unisys, including the Great Neck Manufacturing Facility.

14. The United States is informed and believes that Lockheed Martin incurred costs associated with compliance with the NYSDEC Order and other NYSDEC requirements while it was an owner or operator of the Site that it now seeks to recover from the United States.

15. The United States is informed and believes that releases of hazardous substances and/or threats of releases of hazardous substances at the Site, including the migration of contamination to groundwater, occurred while Lockheed Martin was an owner or operator of the Site.

16. The United States is informed and believes that under the terms of its acquisition of the Site from Unisys, Lockheed Martin assumed some or all of Unisys' responsibility for complying with the NYSDEC Order.

17. The United States is informed and believes that Lockheed assumed some or all of Unisys' responsibility for complying with the NYSDEC Order, pursuant to New York State and/or federal law.

18. In 1997, NYSDEC took action requiring Lockheed Martin to implement remedial action at the Site.

19. Lockheed Martin sold the Site to a third party (identified by Lockheed Martin as Park Lake Success LLC) in 2000, after Lockheed Martin began incurring response costs at the Site and prior to filing the instant action.

20. The United States is informed and believes that Lockheed Martin provided the buyer with at least some of the financing necessary to the transaction.

21. The United States is informed and believes that Lockheed Martin retained responsibility for implementing the response action required by NYSDEC at the Site by operation of state law and/or the terms of the sale.

22.    The United States is informed and believes that Lockheed Martin now seeks to recover from the United States costs incurred and to be incurred after the sale of the Site in complying with the NYSDEC's requirements.

23.    Lockheed Martin Corporation is a "person" as that word is defined in CERCLA section 101(21), 42 U.S.C. § 9601(21).

24.    The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

25.    Lockheed Martin alleges in Paragraph 38 of the Complaint that the Site is a "facility" for purposes of CERCLA Section 101(9), 42 U.S.C.§ 9601(9).

26.    Lockheed Martin alleges in Paragraph 34 of the Complaint that it has incurred, and will continue to incur, response costs.

27.    Lockheed Martin alleges in Paragraphs 26, 27, 28, 34, 38 and 40 of the Complaint that there have been releases or threatened releases of hazardous substances at the Site.

28.    Lockheed Martin is liable based on its ownership of the Site when part of the costs its seeks to recover from the United States were incurred; and based on its contractual assumption of the environmental responsibility and liability of others.

## COUNTERCLAIM: CERCLA CONTRIBUTION

29.    The United States incorporates by reference, as if fully set forth herein, Paragraphs 1 through 28 of this Counterclaim.

30.    Lockheed Martin has filed a civil action against the United States and in Paragraphs 35 through 47 of the Complaint alleges claims under CERCLA section 107(a), 42 U.S.C. § 9607(a); therefore CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), authorizes the United States to seek contribution in this action.

5

31.     The Court should allocate the response costs at issue in the Complaint among liable parties using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

Respectfully submitted,

FOR THE UNITED STATES:

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

  /s/ Eileen T. McDonough
EILEEN T. MCDONOUGH
JOSHUA M. LEVIN
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington D.C.  20026-3986
Telephone: (202) 514-3126
Telephone: (202) 514-4198

November 13, 2007