IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION )<br>& )<br>UNISYS CORPORATION, )<br>　　　　　　　　　Plaintiffs, )<br>　　)<br>v. )<br>　　)<br>UNITED STATES OF AMERICA, )<br>　　)<br>　　　　　　　　　Defendant. ) | CASE NUMBER: 1:06CV01438 (RJL) |

**PLAINTIFF LOCKHEED MARTIN CORPORATION'S REPLY TO DEFENDANT
UNITED STATES' FIRST AMENDED COUNTERCLAIM**

Plaintiff, Lockheed Martin Corporation ("Lockheed Martin") responds as follows to the United States' First Amended Counterclaim filed on November 13, 2007. The responses are numbered to correspond to the paragraphs in the First Amended Counterclaim.

**PARTIES**

1.　Lockheed Martin admits the allegation in Paragraph 1 of the First Amended Counterclaim.

2.　Lockheed Martin admits the allegation in Paragraph 2 of the First Amended Counterclaim.

**JURISDICTION AND VENUE**

4.　The allegation in Paragraph 4 of the First Amended Counterclaim is a conclusion of law, to which no response is required.[1]

---

[1] The United States' First Amended Counterclaim Against Lockheed does not contain a third numbered paragraph.

5.      The allegation in Paragraph 5 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

## STATUTORY BACKGROUND

6.      The allegation in Paragraph 6 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

7.      The allegation in Paragraph 7 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

8.      The allegation in Paragraph 8 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

9.      The allegation in Paragraph 9 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

## ALLEGATIONS

10.     Lockheed Martin lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Amended Counterclaim with respect to other parties.  In its Reply to the United States Counterclaim dated October 26, 2007, Unisys responded to this allegation as follows:

> Unisys admits that Unisys Corporation was formed through a merger of Sperry Corporation and Burroughs Corporation; that Sperry Corporation had previously merged with Remington Rand to form Sperry Rand Corporation; that Sperry Rand Corporation, prior to merging with Burroughs, became known as Sperry Corporation; that Sperry Rand Corporation, Sperry Corporation, and a predecessor of Sperry Corporation (known as Sperry Gyroscope Company) formerly operated and conducted business at the Great Neck Manufacturing

Facility. The allegation in Paragraph 10 regarding liability is a conclusion of law, to which no response is required. With respect to the final clause "and other related entities that operated at that Site," Unisys objects to the vague and undefined term "other related entities" and therefore lacks sufficient knowledge to admit or deny this allegation.

11. Lockheed Martin lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Amended Counterclaim with respect to other parties. In its Reply to the United States Counterclaim dated October 26, 2007, Unisys responded to this allegation as follows:

> Subject to the next sentence, Unisys admits the allegations in Paragraph 15 of the Counterclaim to the extent they refer to Unisys and to the extent they refer to the Order on Consent entered into by Unisys on December 13, 1991, with the New York State Department of Environmental Conservation, entitled *In the Matter of the Development and Implementation of Remedial Investigation/Feasibility Study and Interim Remedial Measure for an Inactive Hazardous Waste Disposal Site, Under Article 27, Title 13, of the Environmental Conservation Law of the State of New York by Unisys Defense Systems, Inc.*, Site #1-30-045, Index #W-1-0527-91-02, which speaks for itself.

12. Lockheed Martin lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Amended Counterclaim with respect to other parties. In its Reply to the United States Counterclaim dated October 26, 2007, Unisys admitted this allegation.

13. Lockheed Martin admits the allegation in Paragraph 13 of the First Amended Counterclaim.

14. Lockheed Martin admits the allegations in Paragraph 14 of the First Amended Counterclaim.

15. The allegation in Paragraph 15 of the First Amended Counterclaim asserting "releases of hazardous substances and/or threats of releases of hazardous substances" is a conclusion of law, to which no response is required.

16. Lockheed Martin objects to the vague and undefined phrase "some or all of Unisys' responsibility for complying with the NYSDEC Order." Further, Lockheed Martin objects that the term "responsibility for complying with the NYSDEC Order" is a legal conclusion to which no response is required. Subject to this objection, Lockheed Martin admits that under the terms of Loral's acquisition of the Site from Unisys, Lockheed Martin agreed to bear the expense of and responsibility for the NYSDEC order entered into by Unisys on December 13, 1991.

17. Lockheed Martin again objects to the vague and undefined phrase "some or all of Unisys' responsibility for complying with the NYSDEC Order." The allegation in Paragraph 17 of the First Amended Counterclaim asserting that Lockheed Martin "assumed some or all of Unisys' responsibility for complying with the NYSDEC Order, pursuant to New York State and/or federal law" is a legal conclusion, to which no response is required.

18. Lockheed Martin objects to the vague and undefined phrase "took action." Lockheed Martin otherwise admits the allegations in Paragraph 18 of the First Amended Counterclaim.

19. Lockheed Martin admits the allegations in Paragraph 19 of the First Amended Counterclaim that it sold the Site to "i.Park Lake Success LLC."

20. Lockheed Martin objects to the vague and undefined term "necessary to the transaction." Subject to this objection, Lockheed Martin admits that it provided financing to i.Park Lake Success LLC when that entity purchased the Site.

21. The allegation in Paragraph 21 of the First Amended Counterclaim asserting that Lockheed Martin "retained responsibility . . . by operation of state law" is a legal conclusion, to which no response is required. Lockheed Martin admits the allegation that Lockheed Martin retained responsibility for implementing the response action required by NYSDEC through the terms of the sale.

22. Lockheed Martin admits the allegations in Paragraph 22 of the First Amended Counterclaim.

23. The allegation in Paragraph 23 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

24. The allegation in Paragraph 24 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

25. Lockheed Martin admits the allegation in Paragraph 25 of the First Amended Counterclaim.

26. Lockheed Martin admits the allegation in Paragraph 26 of the First Amended Counterclaim.

27. Subject to the next sentence, Lockheed Martin admits the allegations in Paragraph 27 of the First Amended Counterclaim that Lockheed Martin alleges in the Complaint that there have been releases of hazardous substances at the Site. Lockheed Martin denies the allegations

to the extent they ascribe specific language to the Complaint which does not appear in the Complaint, which speaks for itself.

28. The allegations in Paragraph 28 of the First Amended Counterclaim are conclusions of law, to which no response is required.

## COUNTERCLAIM: CERCLA CONTRIBUTION

29. Lockheed Martin incorporates by reference the responses in the preceding Paragraphs of this Reply as though fully set forth herein.

30. Lockheed Martin admits the allegation in Paragraph 30 of the First Amended Counterclaim that it has filed a civil action against the United States under CERCLA section 107(a), 42 U.S.C. § 9607(a). The remaining allegation in Paragraph 30 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

31. The allegation in Paragraph 31 of the First Amended Counterclaim is a conclusion of law, to which no response is required.

Dated: November 28, 2007                Respectfully submitted,

                                        /s/ Peter E. Seley
                                        Peter E. Seley, D.C. Bar Number 440936
                                        Michael K. Murphy, D.C. Bar Number 468907
                                        Gibson, Dunn & Crutcher, LLP
                                        1050 Connecticut Avenue, N.W.
                                        Washington, D.C. 20036
                                        (202) 955-8500
                                        pseley@gibsondunn.com

                                        *Counsel for Plaintiff Lockheed Martin Corporation*