IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION<br>& UNISYS CORPORATION, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No.  06-01438 (RJL) |
| v. | )<br>) | |
| UNITED STATES OF AMERICA, | )<br>) | |
| Defendant. | ) | |

## JOINT STATUS REPORT OF THE PARTIES

1. <u>Brief statement</u>:  Plaintiffs seek to recover response costs incurred in responding to environmental contamination at the Great Neck Manufacturing Facility  ("Site") in Great Neck, Long Island, New York, pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a).  Defendant has counterclaimed pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), to limit any recovery by Plaintiffs to Defendant's equitable share.

2. <u>Pending motions</u>:  Plaintiff Lockheed Martin Corporation has moved to dismiss the counterclaim filed against it.  The United States filed an amended counterclaim subsequent to the filing of the motion.   Lockheed Martin has answered the amended counterclaim.

3. <u>Amendments to pleadings</u>: No further amendments are expected at this time.

4. <u>Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion</u>.

As discussed below, although the parties do not anticipate that the entire case can be resolved by dispositive motion, they do believe that a major legal issue can be resolved through a summary judgment motion.

5.  <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed</u>.

Subject to the discovery of facts demonstrating the existence of additional parties yet unknown, any other parties, if any, shall be joined within thirty days. No further amendments to the pleadings are expected. As discussed below, the parties are proposing the use of ADR to resolve some of the issues that are currently in dispute.

6.  <u>Whether the case should be assigned to a magistrate judge for all purposes, including trial</u>: No.

7.  <u>Whether there is a realistic possibility of settling the case</u>.

Due to the existence of a legal dispute over whether Plaintiffs can recover response costs under CERCLA that can be submitted for reimbursement under current government contracts, there is no realistic possibility of settlement of the entire case at this time. The parties believe that they can settle all other outstanding issues through mediation. Accordingly, as discussed below, the parties intend to engage in a structured mediation prior to submitting this outstanding legal issue to the Court for resolution.

8.  <u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients</u>.

The parties intend to participate in mediation on the issue of allocating the responsibility for response costs between Plaintiffs and Defendant, and also intend to seek to mediate and reach agreement on the total amount of response costs incurred by plaintiffs that are consistent with the national contingency plan as required under CERCLA.  The parties accordingly request that they be allowed three months to complete this mediation process.  At the end of that time, the parties will report back to the Court on their progress.  During this time, the parties will continue to work together to respond to outstanding discovery requests, but will not issue further formal requests.

If the mediation is unsuccessful, the report to the court will include a proposed schedule for completion of discovery and a pretrial conference.

9. <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions</u>.

If the aforementioned mediation is successful, the parties believe that the remaining legal issue in this case can be resolved on summary judgment.  This resolution would enable the parties to settle the remaining issues, although the parties would retain the right to appeal a decision on the legal question.  The specific legal question pertains to the issue of whether CERCLA bars plaintiffs from recovering response costs from the government where such costs have been reimbursed and/or could be reimbursable under government contracts.

This legal issue will be presented to the Court once the parties complete the proposed mediation.

If mediation is unsuccessful, the date for filing summary judgment motions should be ninety days after the close of expert discovery.

10. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and, if not, what if any changes should be made in the scope, form or timing of those disclosures.

The initial disclosures are complete, subject to the continuing duty to supplement as required by the federal rules.

11. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

If necessary following mediation, fact discovery should be completed within six months. The parties request that this time commence at the close of the three-month mediation period.

12. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

Expert reports and information should be exchanged pursuant to Rule 26(a)(2). Plaintiffs' expert reports should be submitted thirty days after the close of fact discovery, Defendant's reports thirty days later, and Plaintiffs' rebuttal reports thirty days after Defendant's reports are submitted. Expert depositions should be completed within 90 days of the production of Plaintiffs' rebuttal reports.

13. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision: Not applicable.

14. <u>Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.</u> The parties will address whether trial and/or discovery should be bifurcated or managed in phases if the mediation is unsuccessful.

15. <u>The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).</u>

The parties will propose a date for a pretrial conference if the mediation is unsuccessful.

16. <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

The trial date should be set at the pretrial conference.

| Submitted by: | Submitted by: |
|---|---|
| /s/ Michael K. Murphy | /s/ Eileen T. McDonough |
| Michael K. Murphy, D.C. Bar Number 468907<br>Gibson Dunn & Crutcher, LLP<br>1050 Connecticut Ave., NW<br>Washington, D.C. 20036 | Eileen T. McDonough<br>Environmental Defense Section<br>P.O. Box 23986<br>Washington, D.C. 20026 |
| Date:  November 29, 2007 | Date:  November 29, 2007 |
| For Plaintiffs | For Defendant |